Per Cur.

This kind of testimony, which is intended so materially to alter or vary a deed, cannot be admitted, be-c?use it would be productive of all the mischiefs and un-r _ c mindes which the statute of frauds has so wisely guarded against. And, indeed, the contract, if proved, as the plaintiff states, would be manifestly usurious. It would, in fact, bi converting a debt of 150/. into one of 1,267/. 3s. Qd. which is so evidently usurious, that it must strike every n.iud at the first blush. But the contract on the face of the bond in this case, appears fair s 1,26 71. 3s. Qd. appears to have been borrowed by the deceased, and that sum was to be repaid in indents in September, 1786. The value of indents at that time and interest, is what the plaintiff is now entitled to, and no more. The case of Davis v. The Executors of Richardson, (ante,) and many others, are in point on this head.
Verdict for plaintiff accordingly.